J-S59009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LUIS ALONZO VILLATORO | : | |
| | : | |
| Appellant | : | No. 268 EDA 2019 |

Appeal from the PCRA Order Entered December 14, 2018
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0002514-2009

BEFORE: LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

CONCURRING MEMORANDUM STATEMENT BY McLAUGHLIN, J.:

**FILED MARCH 11, 2020**

I agree with the Majority that the PCRA court did not err in dismissing Luis Alonzo Villatoro's PCRA petition as untimely. However, I reach that conclusion for slightly different reasons than the Majority.

Villatoro essentially claims that his petition was timely because he only recently learned from the Department of Corrections ("DOC") that he allegedly has several mental health diagnoses. However, he failed to explain why he could not have obtained this information earlier, especially given the fact that he knew he suffered a "traumatic brain injury" when he was shot in 2000. *See* PCRA Petition, filed 8/17/18, at ¶ 16. Although I am puzzled that the PCRA court did not order the DOC to give Villatoro his medical records, he does not claim (or provide any evidence, such as an affidavit) that an expert would not give an opinion about Villatoro's mental state at the relevant times – *i.e.*, at

the time of the crime and at the time of trial – without those records. Nor does he assert that an expert could not obtain records from private medical providers dating to before Villatoro's present incarceration, or that such records would not contain useful information.

In the absence of such claims, I conclude that Villatoro failed to adequately plead the "newly discovered fact" exception. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii). Without adequate allegations, no evidentiary hearing was necessary, and the PCRA court properly dismissed the petition on the pleadings. **See Commonwealth v. Brown**, 111 A.3d 171, 178 (Pa.Super. 2015) (affirming denial of PCRA petition without evidentiary hearing where appellant did not explain why he could not have discovered "new facts" earlier with the exercise of due diligence).